DAVID A. YOGERST AND ANOTHER v.
ERNEST JANISH AND ANOTHER.
BIRCHWOOD CAMP & TRAILER, INC.,
RESPONDENT.

226 N. W. 2d 291.

January 31, 1975—No. 44788.

*Burns, Burns, Rawlings & Burns* and *Michael O. Burns,* for appellants.

*Quinlivan, Williams, Johnson & Quinlivan* and *Richard R. Quinlivan,* for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Plaintiffs appeal from an order denying their motion for a new trial. Plaintiff David Yogerst was injured while diving from a raft maintained by defendants at a campsite rented by plaintiffs and their family. The only issues raised on their appeal are the adequacy of the court's instructions and the sufficiency of damages. We affirm.

On August 8, 1969, David Yogerst (plaintiff) and his family rented a campsite from defendants on Lake Miltona near Alexandria, Minnesota. As part of the facilities, a bathing beach was provided and a raft was placed in the water approximately 100 feet from shore. The water depth in the area of the raft was approximately 3 feet. On the morning of August 9, 1969, plaintiff swam out to the raft and pulled himself thereon with the assistance of a ladder attached to the raft. Plaintiff testified that he was unaware of the depth of the water near the raft. He dived into the lake and struck the bottom, fracturing his neck. He sustained a permanent neck injury with nerve involvement resulting in limitation of vigorous physical activity. There were no warning signs on the raft and there was no supervision provided at the bathing area.

At the close of the evidence, plaintiffs requested an instruction that the operator of a resort for profit must use a high degree of care and active vigilance in protecting his patrons against perils, and that such standard of care requires a higher degree of diligence than it does when applied to a store, bank, or like places of business. The court declined to give this specific instruction but did instruct the jury as follows:

"* * * You are instucted that where a proprietor invites people upon his premises and receives compensation from them for the privilege of using his land for camping, and his lake shore for bathing and swimming, he has the duty of exercising reasonable care in the maintenance and in the management of his entire premises, including the bathing and swimming areas and

any structures thereon, in order to avoid exposing his patrons to an unreasonable risk from harm.

"The standard of care is reasonable care. But reasonable care in connection with a bathing facility must be commensurate with the risks that are involved. That is to say: The greater the risk, the greater degree of diligence that must be exercised by a proprietor to save his patrons from injury or harm unreasonably."

Plaintiffs contend that the court's instruction does not meet the standards established by this court in Hanson v. Christensen, 275 Minn. 204, 145 N. W. 2d 868 (1966). In that case, involving a diving accident, the court cited Lindgren v. Voge, 260 Minn. 262, 271, 109 N. W. 2d 754, 761, 88 A. L. R. 2d 1080, 1089 (1961), for the proposition (275 Minn. 210, 145 N. W. 2d 873):

"* * * the proprietor must exercise a high degree of care for the safety of his patrons; that the standard of care is reasonable care, meaning care commensurate with the risks involved; and that the law requires of owners of paid amusement places care and active vigilance in protecting their patrons against perils."

See, also, 13B Dunnell, Dig. (3 ed.) § 6988.

There is no doubt that plaintiffs' requested instruction, using the phrases "high degree of care" and "active vigilance" correctly states the law of Minnesota cases.[1] However, it cannot be said that the trial court's instruction inadequately stated the law to the jury, even though it did not employ the precise words requested by plaintiffs. That the degree of care required is a "high" degree is adequately suggested by the court's instruction that "reasonable care * * * must be commensurate with the risks involved. That is to say: The greater the risk, the greater the degree of diligence that must be exercised * * *." Similarly, plaintiffs' insistence that "active vigilance" is a requisite to be

---

[1] Our decision in Peterson v. Balach, 294 Minn. 161, 199 N. W. 2d 639 (1972), abolishing the distinction between licensees and invitees, does not change the rule of law to be applied under the facts of this case. The test applied here is reasonable care under the existing circumstances.

included in the instruction is covered by the court's statement that "a proprietor must see to it that his property is made reasonably safe," and by its statement that "it is up to the proprietor * * * to have knowledge of the condition of his premises, and to guard against any risk which might reasonably be anticipated."

Also, plaintiffs misplace their reliance on Hanson v. Christensen, *supra,* since an examination of the instruction in that case indicates virtually the same instruction that was given in this case. A portion of that instruction provides as follows:

"* * * Such proprietor owes this duty to his business invitees * * * *which under the particular circumstances is ordinary or reasonable care, that is care commensurate with the risk involved—and the greater the risks the greater the care that is required.*" (Italics supplied.) Cases and Briefs, 275 Minn. 204, R. 96.

The instructions of the trial court in this case adequately meet the standards established by our previous decisions.

The jury found plaintiff and defendant camp each 50-percent negligent, and since we have determined that plaintiffs are not entitled to a new trial upon the issues presented on this appeal, we need not discuss the damage question.

Affirmed.

MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.